IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01230-BNB

BEAUX GORDON SINES,
    Applicant,

v.

ED CALEY, Warden, Trinidad Correctional Facility,
    Respondent.

ORDER DIRECTING APPLICANT TO FILE
SECOND AND FINAL AMENDED APPLICATION

Applicant, Beaux Gordon Sines, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Trinidad, Colorado. On May 9, 2013, he filed a pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) suing John Kammerzell, United States Marshal, as Respondent. He has paid the $5.00 filing fee for a habeas corpus action.

On May 10, 2013, Magistrate Judge Boyd N. Boland ordered Mr. Sines within thirty days to cure certain deficiencies, including but not limited to submitting an amended application that named as Respondent his current warden, superintendent, jailer, or other custodian, because John Kammerzell was not a proper party to this action. On May 15, 2013, Mr. Sines submitted an amended application (ECF No. 5) that again sued Mr. Kammerzell. On May 31 and June 3, 2013, he submitted two addenda (ECF Nos. 8 and 9) to the amended application. On June 4, 2013, he submitted an amendment (ECF No. 10) to the amended application informing the Court

that he still wanted to name Mr. Kammerzell as Respondent in this action but that Ed Caley, the warden of the Trinidad Correctional Facility where he is incarcerated, also could be named as Respondent. On July 5, 2013, Mr. Sines submitted a motion (ECF No. 16) again asking to amend the amended application.

The Court must construe Mr. Sines' filings liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Sines will be ordered to file an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on the proper, Court-approved form.

Mr. Sines already has been instructed that the only proper respondent to a habeas corpus action is the applicant's custodian. *See* 28 U.S.C. §§ 2242, 2243; Rules 2(a) and 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 (Section 2254 Rules); *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95 (1973) *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995). Rule 1(b) of the Section 2254 Rules applies the Section 2254 Rules to the instant action. Therefore, because John Kammerzell is not a proper party to this action, the proper party, Ed Caley, the warden of the Trinidad Correctional Facility where Mr. Sines is incarcerated, has been substituted as the proper Respondent. *See Mitchell v. Story*, 1995 WL 610879, *3 at n.5 (10th Cir. 1995). The caption to this order reflects that substitution. In the second and final amended application he will be directed to file, Mr. Sines must name the proper party as Respondent.

The Federal Rules of Civil Procedure apply to applications for habeas corpus

relief.  *See* Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987).  Pursuant to Fed. R. Civ. P. 8(a), a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought."  Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Furthermore, pursuant to Rules 2(c)(1) and 2(c)(2) of the Section 2254 Rules, Mr. Sines must "specify all [available] grounds for relief" and must "state the facts supporting each ground."  These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading.  *See Mayle v. Felix*, 545 U.S. 644, 655 (2005).  Naked allegations of constitutional violations are not cognizable under § 2254.  *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).  Therefore, the second and final amended application Mr. Sines will be directed to file must allege in a clear and concise manner both the § 2241 claims he seeks to raise and the specific facts to support each asserted claim.   The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, addenda, or other documents not included in the second and final amended application.

Finally, Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible.  *See* D.C.COLO.LCivR

10.1E. and G.  The second and final amended application Mr. Sines will be directed to file, whether handwritten or typed, shall be double-spaced and legible, in capital and lower-case letters, in compliance with D.C.COLO.LCivR 10.1E. and G.  Accordingly, it is

ORDERED that the motion (ECF No. 16) filed on July 5, 2013, again asking to amend the amended application is denied as unnecessary.  It is

FURTHER ORDERED that **within thirty days from the date of this order** Applicant, Beaux Gordon Sines, file a second and final amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 that complies with this order.  It is

FURTHER ORDERED that Mr. Sines shall obtain the Court-approved form for filing an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and shall use that form in submitting the second and final amended application.  It is

FURTHER ORDERED that if Mr. Sines fails within the time allowed to file the second and final amended application as directed, the action will be dismissed without further notice.

DATED July 10, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge