IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01230-BNB

BEAUX GORDON SINES,

    Applicant,

v.

ED CALEY, Warden, Trinidad Correctional Facility,

    Respondent, and

UNITED STATES OF AMERICA,

    Interested Party.

---

ORDER OF DISMISSAL

---

Applicant, Beaux Gordon Sines, is a prisoner in the custody of the Colorado Department of Corrections (CDOC) at the Correctional Facility in Buena Vista, Colorado.  Mr. Sines has filed *pro se* a second amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF Doc. # 21] challenging the legality of a federal detainer lodged by the United States Marshals Service (USMS) with the CDOC, and the failure of the Federal Bureau of Prisons (BOP) to award him pre-sentence confinement credit.  Mr. Sines has paid the $5.00 filing fee.

On August 2, 2013, Magistrate Judge Boyd N. Boland entered an order [Doc. # 22] directing the United States Attorney to file a preliminary response to the second amended Application asserting the affirmative defense of exhaustion of administrative remedies if the government intended to raise the defense. The United States filed a preliminary response on August 23, 2013 [Doc. # 30] raising the exhaustion defense.

Mr. Sines filed a reply on September 3, 2013. [Doc. # 36]. Thereafter, the United States requested and obtained permission to file a sur-reply, which was received on September 13, 2013. [Doc. # 43]. Mr. Sines filed a response to the sur-reply on September 19, 2013. [Doc. # 45]. The United States filed additional amendments to its sur-reply on September 23 and 24, 2013 [Doc. ## 47, 48], and Mr. Sines responded on September 27, 2013 [Doc. # 50].

The Court must construe liberally Mr. Sines' filings because he is not represented by an attorney. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a pro se litigant. See Hall, 935 F.2d at 1110. For the reasons stated below, the second amended Application will be dismissed without prejudice.

**I. Factual Background**

Mr. Sines is incarcerated in a Colorado prison serving a seven-year sentence based on his May 2012 conviction in Case No. 11-cr-1354 in the District Court of Larimer County, Colorado. [Doc. # 21, at 6-7; Doc. # 30-1, Declaration of Cassandra Grow, at ¶ 4; Doc. # 21, at 1]. On January 23, 2013, United States District Judge Christine Arguello imposed a 24-month sentence in Case No. 05-cr-00436-CMA-1, for a supervised release violation related to Applicant's prior conviction for possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). [Doc. # 30-1, attach. 1, at p. 9[1]]. The federal sentencing court ordered the 24-month sentence "to be served concurrently with the sentence imposed in Larimer County, Colorado, District Court

---

[1] References to page numbers throughout this order are to the page number denoted by the Court's CM/ECF docketing system.

Case Number 11CR1354." [Doc. # 30-2, at p. 2].  Mr. Sines is serving his federal sentence at the CDOC facility, concurrently with his state sentence, and has a projected release date for his federal sentence of October 20, 2014, via good conduct time release.  [*Id.*, Grow Decl., at ¶ 4, and attach. 1, at p. 9].

After Mr. Sines was sentenced in this Court for the supervised release violation, the USMS submitted Applicant's criminal judgment to the BOP's Designation and Sentence Computation Center (DSCC) in Grand Prairie, Texas.  [Doc. # 30-3, Declaration of Rick Holden, at ¶ 8].  On January 25, 2013, the USMS lodged a detainer with the CDOC, directing it to notify the USMS before releasing Mr. Sines from state custody. [*Id.* at ¶ 9; *see also* Doc. # 30-4].   The purpose of the detainer is to ensure that Mr. Sines is not released from state custody before serving his 24-month concurrent federal sentence.  [Doc. # 30-3, Holden Decl., at ¶ 9].  The federal detainer is wholly dependent on the BOP's computation of Applicant's 24-month sentence and will be lifted when Applicant's federal sentence expires on October 20, 2014. [*Id.*].

Mr. Sines initiated this action on May 9, 2013.  He filed a second amended § 2241 Application on July 29, 2013 asserting two claims: (1) that he is subject to an unlawful federal detainer, which is hindering his eligibility for prison rehabilitative programs; and, (2) that the BOP failed to award him 203 days of pre-sentence confinement credit (for the period October 18, 2011 to January 25, 2013). [Doc. # 21, at 2-3, 8-19].

**II. Exhaustion of Administrative Remedies**

The United States asserts in the Preliminary Response that the second amended Application should be dismissed because Mr. Sines has failed to exhaust administrative

remedies. [Doc. # 30, at 5-6]. Mr. Sines responds that the BOP's administrative remedy procedure does not apply to him because he is incarcerated in a state prison. He further argues that, in any event, he "made every attempt possible to resolve the issue with the [BOP] as advised by the [BOP] as it relates to the pre-sentence confinement." [Doc. # 36, at 3].

Exhaustion of available administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010); *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam); *see also United States v. Wilson,* 503 U.S. 329, 335 (1992) ("Federal regulations have afforded prisoners administrative review of the computation of their credits, and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies" (citations omitted)."). The exhaustion requirement is satisfied through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (discussing exhaustion of administrative remedies in the context of 42 U.S.C. § 1997e(a)). A "narrow exception to the exhaustion requirement applies if an applicant can demonstrate that exhaustion is futile." *Garza*, 596 F.3d at 1203.

The BOP administrative remedy procedure is available to federal prisoners. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and

national appeals.  See 28 C.F.R. §§ 542.13 - 542.15.

Exceptions exist to the standard exhaustion procedures.  As relevant here, if the decision challenged did not initiate at an institution or with a warden, the inmate may file the initial request with the BOP component that made the decision and then file any appeal directly with the BOP general counsel:

> (5) Other requests for formal review of decisions not originating from the Warden. . . . [F]ormal administrative remedy requests regarding initial decisions that did not originate with the Warden, or his/her staff, may be initially filed with the Bureau office which made the original decision, and appealed directly to the General Counsel.

28 C.F.R. § 542.14(d)(5).

If an inmate fails to comply with the procedural requirements of the administrative remedy process, a request may be rejected at any stage of the process.  28 C.F.R. § 542.17(a).  When a submission is rejected, the inmate is provided with a written notice as to the reason for rejection, and if the defect is correctable, a reasonable extension of time to correct the defect and resubmit the appeal.  28 C.F.R. § 542.17(b).  If an appeal is rejected and the inmate is not given an opportunity to correct the defect, the inmate may appeal the rejection to the next appeal level.  28 C.F.R. § 542.17(c).  The coordinator at the next appeal level may affirm the rejection, direct it to be submitted at the lower level, or accept it for filing.  Id.

### III.  Analysis

The parties dispute whether Mr. Sines was required to comply with the BOP's administrative remedy procedures before asserting his claims in a § 2241 Application.  The BOP's administrative remedy program "applies to all inmates in institutions operated by the Bureau of Prisons, . . ., and to former inmates for issues that arose

during their confinement.  This Program does not apply to inmates confined in other non-federal facilities." 28 C.F.R. § 542.10(b).

In his first claim, Mr. Sines challenges the BOP's refusal to award him pre-sentence confinement credit for the period October 18, 2011, to January 23, 2013.  The documentation submitted by the United States demonstrates that Mr. Sines was in BOP custody at FCI-Englewood as a pre-trial inmate from July 5, 2012, to January 25, 2013. [Doc. # 43-1, Supplemental Declaration of Cassandra Grow, and attach. 1, at p. 3].  Mr. Sines concedes as much. [Doc. # 45, at 2-3].  Because Applicant challenges the denial of pre-sentence confinement credit for a period of time during which he was confined at a BOP facility as a pre-trial inmate, he was required to exhaust his available administrative remedies in order to pursue that portion of his claim in a § 2241 application.  *See Parrott v. Gehrke*, No. 03-4059, 103 F. App'x 908, 910 (7th Cir. June 24, 2004) (unpublished) (applying §542.10(b)); *Shafer v. Rios*, No. 05-cv-02401-PSF-MJW, 2007 WL 196769 at *9 (D. Colo. Jan. 22, 2007) (same and collecting cases).

The Court next addresses whether Mr. Sines exhausted his available administrative remedies.  The record shows that in April and May 2013, Mr. Sines filed two administrative remedy requests with the DSCC seeking an award of 203 days of pre-sentence custody credit against his federal sentence. [Doc. # 36, at 10-17].  In the second request, Mr. Sines asked the DSCC to advise him how to appeal to the next level if his request was denied.  [*Id.* at 17].  The DSCC denied Applicant's request for pre-sentence custody credit on May 20, 2013, and did not advise him about how to appeal the decision.  [*Id.* at 18].  Mr. Sines thereafter submitted a written appeal to the U.S. Attorney General on May 31, 2013, in accordance with verbal instructions his

family received from the DSCC office. [*Id.* at 5, 20-21].

The United States argues that Mr. Sines failed to exhaust available administrative remedies because he did not comply with 28 C.F.R. § 542.14(d)(5). Specifically, the United States maintains that while Mr. Sines correctly filed his original request with the DSCC, he mistakenly appealed the adverse decision to the U.S. Attorney General. The United States argues that Mr. Sines should have appealed to the BOP General Counsel, *see* § 542.14(d)(5), and, because he failed to employ the proper administrative procedure, he has failed to satisfy the exhaustion requirement. The United States further contends that the detainer claim, which is inextricably linked to the pre-sentence custody claim, is also unexhausted. [*Id.*].

Mr. Sines maintains that he "exhausted the administrative remedies that were made available to him as directed by the [BOP and DSCC]." [Doc. # 45, at 1]. He states that he "was advised a number of times [by federal officers] that because he was not in the physical custody of the [BOP] [ ] his 'ONLY' option was to write the [DSCC]." [*Id.*].

Crucially, "exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90 (quotation marks omitted). Mr. Sines' "good-faith efforts to comply with grievance procedures . . . do[ ] not excuse failure to exhaust." *Bridgeforth v. Workman*, No. 10-7059, 410 F. App'x. 99, 100-01 (10th Cir. Dec. 9, 2010) (unpublished) (applying exhaustion requirement of Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)).

The Court finds that an administrative remedy was available to Mr. Sines to challenge the BOP's denial of 203 days of pre-sentence confinement credits for the

period July 5, 2012, to January 25, 2013, because Applicant was a BOP inmate during that time period. See 28 C.F.R. § 542.10(b); § 542.14(d)(5). The Court further finds that an administrative remedy remains available to Mr. Sines based on the United States' representation in the preliminary response that Applicant may re-file his administrative remedy request with the DSCC and, if dissatisfied with the response, file an appeal with the BOP general counsel in compliance with 28 C.F.R. § 542.14(d)(5). [Doc. # 30, at 6]. If Mr. Sines files a new administrative remedy, he should heed the United States' suggestion that the request include all relevant sentencing documents from Applicant's current federal and state sentences together with the CDOC's sentence computation for that sentence. [See id. at 6, n.1].

Finally, because Mr. Sines has an available administrative remedy, the exhaustion requirement will not be excused as futile. See Staples v. Chester, No. 09-3267, 350 F. App'x 925, 930 (10th Cir. March 31, 2010) (unpublished).

To summarize, the Court finds that despite his good faith efforts, Mr. Sines did not exhaust his available administrative remedies and that exhaustion would not be futile. The administrative remedy in 28 C.F.R. § 541.14(d)(5) remains available to Applicant for his claims. Therefore, the second amended Application will be dismissed without prejudice for failure to exhaust administrative remedies. Mr. Sines may file a new § 2241 Application after he has fulfilled the administrative remedy procedure.

### III.   Orders

Accordingly, it is

ORDERED that the second amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. # 21], filed by Applicant Beaux Gordon Sines, is

DENIED and the action is DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.  It is

FURTHER ORDERED that *in forma pauperis* status will be denied for the purpose of appeal.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Sines files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED at Denver, Colorado, this  7th  day of    November    , 2013.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court