IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01230-LTB

BEAUX GORDON SINES,

    Applicant,

v.

ED CALEY, Warden, Trinidad Correctional Facility,

    Respondent, and

UNITED STATES OF AMERICA,

    Interested Party.

---

ORDER DENYING MOTION FOR RECONSIDERATION

---

    Applicant, Beaux Gordon Sines, filed a "Motion for Reconsideration of Dismissal and for a Ruling on Claim Two (2) and Claim Three (3) of The Application Under Rule 28 U.S.C. § 2241, and Motion for Clarification And To Reconsider Ruling On Claim (1), Decided November 7, 2013" [Doc. # 56], on November 13, 2013.  The Court must construe the motion liberally because Mr. Sines is proceeding *pro se*.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The motion will be treated in its entirety as a motion for reconsideration and will be denied for the reasons discussed below.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). A motion to reconsider filed more than twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243. The Court will consider Mr. Sines' motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) because it was filed less than twenty-eight days after the judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id.*

Mr. Sines is a prisoner in the custody of the Colorado Department of Corrections (CDOC). He began serving a 7-year state sentence in May 2012, and a concurrent 24-month federal sentence in January 23, 2013. Mr. Sines filed *pro se* a second amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF Doc. # 21] challenging the legality of a federal detainer lodged by the United States Marshals Service (USMS) with the CDOC, and the failure of the Federal Bureau of Prisons (BOP) to award him 203 days of pre-sentence confinement credit for the period October 18, 2011 to January 25, 2013.

The United States Attorney filed a Preliminary Response to the second amended

Application raising the affirmative defense of failure to exhaust administrative remedies. After the United States and Applicant submitted full briefing on the exhaustion issue, the Court entered an order on November 7, 2013, denying the second amended Application and dismissing the action without prejudice for Mr. Sines' failure to exhaust administrative remedies.  Judgment was entered the same day.

In the motion for reconsideration, Mr. Sines asserts that the Court should have ruled on the merits of claim two of the second amended application because Applicant does not have an administrative remedy with the BOP to challenge a detainer lodged by the USMS.  He further contends that he is entitled to a ruling on his claim seeking pre-sentence confinement credit for the period October 18, 2011 to July 4, 2012 because he was not a BOP inmate during that time period, and, therefore, the BOP's administrative remedy procedure does not apply.

The BOP's Administrative Remedy Program allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement."  28 C.F.R. § 542.10(a).  The Program "applies to all inmates in institutions operated by the Bureau of Prisons, . . ., and to former inmates for issues that arose during their confinement. This Program does not apply to inmates confined in other non-federal facilities."  28 C.F.R. § 542.10(b).

Mr. Sines asserts, without citation to any legal authority, that the Court should have dismissed only the claim for which he failed to exhaust an available administrative remedy (his request for an award of pre-sentence confinement credit for the period July 5, 2012 to January 25, 2013), and ruled on the merits of his other claims.  To the contrary, case law supports the dismissal, without prejudice, of the second amended

3

application in its entirety. *See Abdulhaseeb v. Ward*, No. 05-6054, 173 F. App'x 658, 660 (10th Cir. March 27, 2006) (unpublished) (recognizing that normally a § 2241 application containing both exhausted and unexhausted claims (a mixed petition) should be dismissed without prejudice to refiling); *Rose v. Lundy*, 455 U.S. 509, 510 (1982) (holding, under predecessor to current § 2254, that federal district courts cannot reach the merits of "mixed" petitions containing both exhausted and unexhausted claims).

Mr. Sines seeks pre-sentence confinement credit for a continuous period of time – October 18, 2011 to January 23, 2013. Judicial economy is not served by allowing him to parse this claim into two separate habeas actions, where the total pre-sentence confinement credit requested must be awarded by the BOP. *See United States v. Wilson*, 503 U.S. 329, 335 (1992); 18 U.S.C. § 3585(b). Instead, the purposes of the exhaustion requirement are fulfilled if Mr. Sines raises his entire pre-sentence confinement claim with the BOP:

> First, exhaustion protects "administrative agency authority." Exhaustion gives an agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court," and it discourages "disregard of [the agency's] procedures."
>
> Second, exhaustion promotes efficiency. Claims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court. In some cases, claims are settled at the administrative level, and in others, the proceedings before the agency convince the losing party not to pursue the matter in federal court. "And even where a controversy survives administrative review, exhaustion of the administrative procedure may produce a useful record for subsequent judicial consideration."

*Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (discussing exhaustion requirement of PLRA) (internal citations omitted). Further, the record demonstrates that Mr. Sines will be incarcerated at a CDOC facility for several more years. Applicant has not shown that he

will be prejudiced if he satisfies the exhaustion requirement before returning to this Court for an adjudication of all his § 2241 claims.

Applicant's second claim challenging the legality of the USMS detainer may be raised in a new § 2241 application after he exhausts the pre-sentence confinement claim. However, Mr. Sines previously filed a "Motion for Order Dismissing Detainer Held by the United States Marshals" in his federal criminal case, *United States v. Beaux Gordon Sines*, Criminal Action No. 05-cr-00436-CMA-1 [Doc. # 215], which the district court denied on the ground that "[t]he detainer . . . is an appropriate detainer that will be removed once Defendant has been in custody a sufficient period of time that satisfied the 24-month concurrent sentence imposed by this Court." [*See* Doc. # 218].

On consideration of the Motion for Reconsideration and the entire file, the Court finds that Mr. Sines fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Accordingly, it is

ORDERED that the "Motion for Reconsideration of Dismissal and for a Ruling on Claim Two (2) and Claim Three (3) of The Application Under Rule 28 U.S.C. § 2241, and Motion for Clarification And To Reconsider Ruling On Claim (1), Decided

November 7, 2013" [Doc. # 56]," filed on November 13, 2013, which the Court has treated as a motion filed pursuant to Fed. R. Civ. P. 59(e), is DENIED.

DATED at Denver, Colorado, this  15th  day of    November    , 2013.

BY THE COURT:


  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court